UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JIN YANG**, <br><br> Plaintiff, <br><br> v. <br><br> **ICS PROTECTIVE SERVICES**, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-03836 (TNM) |

## MEMORANDUM ORDER

Plaintiff Jin Yang moves for leave to file a third amended complaint. Mot. for Leave to File, ECF No. 88. The Court denies her motion.

Previously, this Court dismissed Yang's claims with prejudice against two of the four defendants in the action, China Construction America of South Carolina, Inc. (CCASC) and the United States. Mem. Order, ECF No. 74 at 8. Yang separately moved for reconsideration of each of these dismissals. ECF Nos. 83–84. The Court denied both of her requests. Mem. Order, ECF No. 85. Yang now moves for leave to file a third amended complaint that she alleges will clarify the legal claims that have already been dismissed. Mot. for Leave to File at 6.[1]

For starters, even though her claims have been dismissed, Yang still may amend her complaint. "[O]ne count of a complaint which includes multiple claims may be amended as of right or by leave of court after a trial judge has dismissed the count but before the dismissal has become final under Rule 54(b)." *Cassell v. Michaux*, 240 F.2d 406, 407 (D.C. Cir. 1956). The Court has not certified the dismissals as final orders under Rule 54(b). Fed. R. Civ. P. 54(b). So

---

[1] This Court uses ECF pagination rather than internal pagination assigned by the filer.

Yang may amend her complaint as of right or with permission. *Cassell*, 240 F.2d at 408. Because she has exceeded the time limits for amending a complaint as of right, *see* Fed. R. Civ. P. 15(a)(1), she may only amend the pleading with the Court's leave, Fed. R. Civ. P. 15(a)(2).

The Court may have the power to grant leave to amend, but it declines to exercise it here. The Supreme Court has advised district courts to grant leave to amend "freely" when "justice so requires," but it noted several situations when justice may not "so require[]." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Four of those instances are "repeated failure to cure deficiencies by amendments previously allowed," "undue prejudice to the opposing party by virtue of allowance of the amendment," "undue delay," and where amendment would be "futil[e]." *Id.* All are present here.

The Court generously construes Yang's filings because she is *pro se*. *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). Such litigants' filings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But this "special solicitude is only a rule of construction. It does not relieve a *pro se* litigant" of her legal burdens. *Jean-Baptiste v. Booz Allen Hamilton, Inc.*, 2024 WL 3551941, at *2 (D.D.C. July 26, 2024). Even a liberal interpretation of Yang's motion cannot meet the basic legal requirements for granting amendment.

**I.**

Granting Yang leave to file yet a third amended complaint against CCASC would reward "repeated failure to cure deficiencies," "undu[ly] prejudice" the company, and would be "futil[e]." *Foman*, 371 U.S. at 182. CCASC has already briefed two motions to dismiss and a motion for a more definite statement. ECF Nos. 6, 53. Yang's first complaint failed to allege a

basis for subject matter jurisdiction because it omitted facts about CCASC's place of incorporation. Mem. Order, ECF No. 35, at 10. The second complaint spurred CCASC to file a motion for a more definite statement; it also drafted a reply in support of that motion. ECF Nos. 43, 47. This Court denied CCASC's motion for a more definite statement as moot while instructing Yang to refile a second amended complaint. Mem. Order, ECF No. 48. In that memorandum order, the Court coached Yang on pleading standards, including how to list a legal theory and each element in support, then warned: "Plaintiff should not expect another chance to amend. Any future dismissal is likely to be with prejudice." *Id.* at 3. In her second amended complaint, Yang failed to show that her claims against CCASC were not time-barred under D.C. law, or that she had standing to sue under the Americans with Disabilities Act, or that the company unlawfully converted public property. Mem. Order, ECF No. 74, at 4–6. The Court again dismissed her claims. *Id.*

Yang's third amended complaint does little to fix the problems. In fact, she effectively concedes for the same reason that the Court dismissed her claim "CCASC escapes liability under the statute of repose as more than ten years have elapsed since construction." Third Amended Compl., ECF No. 88-2 at 3; Mem. Order, ECF No. 74, at 5. She does not include a count against CCASC, instead listing four causes of action against other defendants. Third Amended Compl. at 8–17. All parties deserve a speedy and final adjudication of outstanding claims. Yang has now had multiple opportunities to state a cognizable claim against CCASC and has failed. Enough is enough.

## II.

Her claims against the United States also fail to meet the amendment standard because they would be "futile." *Foman*, 371 U.S. at 182. She tries to plead three new causes of action

3

against the United States, naming the Diplomatic Security Service (DSS) and the U.S. Secret Service as perpetrators of negligence, false arrest, and assault and battery. Third Amended Compl. at 10–17 (without specifically naming the Secret Service for false arrest). Her previous complaint included only one count against the United States for premises liability without naming either DSS or the Secret Service. Second Amended Compl., ECF No. 51, at 9–10. The Government claims that Yang has failed to administratively exhaust her new claims against both agencies, which deprives this Court of subject-matter jurisdiction over them. U.S. Mem. Opp. Mot. Amend Compl., ECF No. 98, at 1–9. The Court agrees. Because Yang's new claims against the United States "would not survive a motion to dismiss," this Court "may properly deny [the] motion to amend." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010).

The Federal Tort Claims Act requires that plaintiffs "first present[] the[ir] claims to the appropriate Federal agency." 28 U.S.C. § 2675(a). Presenting a claim involves submitting "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987). "An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" unless this requirement has been met. *Id.* The exhaustion mandate is jurisdictional. *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). This holds equally for *pro se* litigants seeking FTCA damages. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Court will deal with DSS and the Secret Service separately because they are housed in different cabinet departments. *U.S. Secret Service*, Encyclopedia Britannica (Jan. 23, 2025)

4

(showing that the Secret Service is housed in the Department of Homeland Security)[2]; *About Us*, U.S. Dep't of State (showing that DSS is part of the Department of State).[3] Thus, Yang should have presented her claims to "the appropriate Federal agency" for each. 28 U.S.C. § 2675(a).

### A.

DSS sits within the Department of State. *See supra* at 5. Yang submitted the proper Standard Form 95 to State with the following description of her claim:

> As the landlord renting its premise to the Chinese Embassy in the United States of America, the Department of State is responsible for the injuries sustained by Jin Yang who fell on the ground because there is a raised, narrow curb situated on the sidewalk in front of the premise. This is in direct violation of the ADA guidelines, pursuant to Section 303 of the 2010 ADA Standards (303.1 through 303.3).

U.S. Mot. to Dismiss, ECF No. 61-1, Ex. A at 000001.

There was no mention of any officer. *Id.* She attached only her medical records from her post-incident treatment to the filing. *Id.* at 000001–000036. The records merely say that Yang was "pushed" and fell without mentioning who did the pushing, or whether it was accidental or purposeful. *Id.* at 000005. She lists a damages request of $20 million for personal injury. *Id.* at 000001.

Her third amended complaint pleads new facts and damages. She now says that "[a] force of more than twenty officers, comprising DSS agents, Secret Service personnel, and local

---

[2] https://www.britannica.com/topic/US-Secret-Service.

[3] https://www.state.gov/about-us-bureau-of-diplomatic-security.

police, established a perimeter." Third Amended Compl. at 5. She identifies the "Embassy staff and ICS personnel" as the officers who "pinn[ed] her to the ground" and "advanced toward Plaintiff's group." *Id.* at 6–7. DSS seems to merely have been present under her new alleged description of the events. *Id.* She asks for $14 billion in damages. *Id.* at 17. Yang purports to have presented these claims to DSS via her premises liability claim against the United States. Pl. Reply in Support of Motion to Amend, ECF No. 99, at 1–3.

Yang did not "discharge [her] obligation of notice" to the agency because she failed to "sufficiently describ[e] the injury to enable the agency to begin its own investigation." *GAF*, 818 F.2d at 919. Her claim did not present even the most minimal facts to advise the agency of her tort claims against its officers. *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011–12 (7th Cir. 1991) ("[A] plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts."). She said that she had fallen because of a sidewalk whose construction was in "violation of the ADA guidelines." U.S. Mot. Dismiss, Ex. A at 000001. The agency would have had no idea that law enforcement participated in her fall, much less that she was alleging that its own DSS officers attacked her. "To satisfy the FTCA's exhaustion requirement," "an administrative claim must describe the alleged injury with sufficient particularity." *Abdurrahaman v. Engstrom*, 168 F. App'x 445, 445 (D.C. Cir. 2005). The Department of State, for all it knew, was dealing with a trip and fall.

Yang makes four counterarguments. None succeed. *First*, she appeals to her *pro se* status to urge this Court to construe her presentment broadly. Pl. Reply Mot. Amend at 11–13. But she cites no authority in support of the proposition. *Id.* On its own search, the Court found that the D.C. Circuit has broadly construed presentment when a *pro se* plaintiff "ha[d] not sued the correct party," suing the Postal Regulatory Commission instead of the United States. *Lopez*

*v. Postal Regul. Comm'n*, 709 F. App'x 13, 16 (D.C. Cir. 2017). But this plaintiff still "sufficiently described his injury and included a sum-certain damages claim." *Id.* The presentment described his injury as "failure to deliver mail to [his] home," retaining that claim throughout the litigation. Pet. for Review at 6, *Lopez v. Postal Regul. Comm'n*, 709 F. App'x 13 (D.C. Cir. 2017) (No. 12-1341).

Yang is right that plaintiffs need not present every theory of liability to provide sufficient factual "notice" of their injury. *GAF*, 818 F.2d at 921–22; Pl. Reply Mot. Amend at 7; Resp. Br. at 41–42 & n.10, *Lopez v. Postal Regul. Comm'n*, 709 F. App'x 13 (D.C. Cir. 2017) (No. 12-1341) (showing an agency losing an exhaustion argument based on presenting the wrong theory of liability). But she must allege the facts necessary for the agency to investigate her claim. Presenting an apparent accidental trip and fall targeting sidewalk construction gave no notice that she was the victim of a DSS-involved assault. Her differing theories of liability are irrelevant to this Court's decision; the D.C. Circuit has been clear that the analysis is one of fact, not law.

More broadly, the Circuit has rejected a plaintiff's presentment that was much closer to his ultimate claim than Yang's two claims are to one another. *See Murphy v. United States*, 64 Fed. App'x 250, 250 (D.C. Cir. 2003). A plaintiff presenting the allegation that he was "the victim of an assault as well as negligent investigation and negligent maintenance of records" did not present enough facts to "alert the Secret Service that it should have investigated whether any false statements were published." *Id.* The *Murphy* court concluded that he had not adequately presented a claim for the tort of invasion of privacy. *Id.* That plaintiff was not *pro se*. Appellant Br., *Murphy v. United States*, 64 Fed. App'x 250 (D.C. Cir. 2003) (No. 01-5409). But reading *Lopez* and *Murphy* together show that the D.C. Circuit's precedent does not support the leaps of faith Yang asks this Court to make, even construing the presentment requirement generously.

7

*Second*, Yang contends that the Department of State has "been aware" of "premises defects and law enforcement misconduct" allegations by participating in this two-year litigation. Pl. Reply Mot. Amend at 3–4. This argument can be dispensed with quickly. The FTCA requires exhaustion before litigation; allowing a complaint to serve as an administrative presentment would abrogate the FTCA's jurisdictional exhaustion mandate. 28 U.S.C. § 2675(a). The governing law is clear that plaintiffs must present enough facts to give the agency adequate notice before filing a claim in court. *GAF*, 818 F.2d at 919.

*Third*, she claims that the Government's position is "patently unjust" because it would "penalize a *pro se* litigant for failing to allege facts that were neither publicly disclosed nor reasonably discoverable." Pl. Reply Mot. Amend at 11. But Yang mischaracterizes the facts. She already told this Court that she discovered information about DSS's involvement in embassy protection on a public website published in 2019—and for that reason, the Court denied her motion to reconsider its dismissal of her claims against the United States under the Rule 59 standard. Order, ECF No. 85, at 3–4; Fed. R. Civ. P. 59(e) (requiring evidence that is "newly discovered or previously unavailable despite the exercise of due diligence"). She has already admitted that the information was "publicly disclosed," contrary to her statements in her reply. Pl. Reply Mot. Amend at 11. And, of course, she was certainly aware from the time of the incident that this was no mere slip-and-fall. The relevant facts were both publicly disclosed and reasonably discoverable.

*Fourth*, she contends that because State "waited more than six months" after she presented the claim without issuing a denial, it purposefully denied her the ability to revise her notice, waived subject-matter jurisdiction, and dealt in bad faith. Pl. Reply Mot. Amend at 12–13. The FTCA explicitly allows agencies to deny claims this way so that plaintiffs who receive

8

no response may proceed to court. 28 U.S.C. § 2765(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). The agency's inaction adhered to the statute, so it shows neither improper intent nor improper effect. More, as she admits, subject-matter jurisdiction may not be waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

*Finally*, Yang's point is well taken that DSS is part of the Department of State so her presentment to the agency was enough to notify its security branch of her claim. Pl. Reply Mot. Amend at 1–4, 7–8, 11–13. Precedent shows that *pro se* plaintiffs have properly presented their claims even when they accidentally sue the wrong agency entirely. *Murphy*, 64 Fed. App'x at 250. But she misunderstands the Government's position. Nowhere does the United States contend that she should have presented her claim to DSS separately from the Department of State. U.S. Opp. Mot. Amend at 3–5. Rather, the Government argues that the facts "in no way even alluded to an allegation involving conduct by Diplomatic Security Service officers." *Id.* at 4. On that point, the Court agrees.

In sum, Yang's claims against DSS would not survive a motion to dismiss based on lack of subject matter jurisdiction because she has failed to administratively exhaust them. 28 U.S.C. § 2675(a). Thus, her motion for leave to amend her complaint a third time must be denied with respect to DSS.

### B.

Yang's claims vis-à-vis the Secret Service suffer a similar fate. To begin, Yang concedes the Government's Secret-Service arguments. Her reply hardly mentions the Secret Service and

9

completely fails to respond to the Government's allegation that she did not exhaust her claims against them. Pl. Reply Mot. Amend *passim*. But even had she not forfeited these claims, they could not succeed.

Yang's primary problem is failure to exhaust her Secret Service claim. Recall that the Secret Service is a component of the Department of Homeland Security. *See supra* at 5. Yang never submitted her administrative claim to DHS before this litigation. U.S. Opp. Mot. Amend at 5; *id.* Ex. B at 1 (Yang acknowledging as much). She sent in the form on November 1, 2024, four days after she filed this motion for leave to file a third amended complaint. *Id.*, Ex. B at 1. Her November submission's cover letter claimed that her presentment fell within the FTCA's two-year statute of limitations because her injury accrual date should be counted from her hospital discharge in December 2022 rather than from the date of injury in September 2022. *Id.*; 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

Yang's presentment is time-barred as a matter of law and as a matter of fact. First, factually, Yang presents no evidence that she was hospitalized in December. The medical records that she submitted with her Department of State claim show a discharge summary dated October 1, 2022. U.S. Mot. Dismiss Second Amend. Compl., Ex. A at 000029–31 ("Discharge with close outpatient follow up."). So even if the Court could toll the clock during her hospitalization, it would not save her presentment.

Legally she fares no better. To start, the Supreme Court has held that tort claims brought under 28 U.S.C. § 2401(b) accrue when "a plaintiff is aware of his injury and its cause." *United States v. Kubrick*, 444 U.S. 111, 123–24 (1979) (so holding even when a plaintiff does not

10

realize that his injury was negligently inflicted until later). So her injury claim accrued in September 2022.

Yang claims that the time limits should be tolled because it would be "patently unfair" to do otherwise. Pl. Reply Mot. Amend at 13. She cites no authority in support. *Id.* The Supreme Court has held that courts may equitably toll this FTCA statute of limitations. *United States v. Wong*, 575 U.S. 402, 412 (2015). The D.C. Circuit has applied the general equitable tolling principle to this statute: "To demonstrate that he is entitled to the benefit of equitable tolling, [a plaintiff] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Jackson v. Modly*, 949 F.3d 763, 778 (D.C. Cir. 2020). Yang has shown that, to the contrary, no extraordinary circumstance stood in her way. She confessed that this "hidden or undisclosed" DSS involvement, Pl. Reply Mot. Amend at 11, was hiding in plain view on the public website for the Department of State, Mem. Order, ECF No. 85, at 3–4. The Court sees no extraordinary circumstance preventing her from finding this admittedly publicly available information.

Finally, though Yang has not requested as much, the Court could generously construe her presentment to the Department of State as also presenting her claim to DHS. After all, a *pro se* plaintiff may exhaust a claim even when she accidentally sues the wrong agency. *Murphy*, 64 Fed. App'x at 250. But the conclusion would remain the same. For the reasons enumerated in Section II.A, Yang's form would have informed the agency, at most, that there had been a slip and fall.

For these reasons, Yang's amendment including claims against the Secret Service would be futile because it would not survive a motion to dismiss on subject-matter-jurisdiction grounds. Her motion for leave to amend her complaint a third time is denied vis-à-vis the Secret Service.

### III.

The Court also denies Yang's request for interlocutory appeal under 28 U.S.C. § 1292. To certify interlocutory appeal for an "order not otherwise appealable," the Court must "be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion." *Id.* § 1292(b). This order is not otherwise appealable because it is not "final" under Rule 54(b). *Id.* § 1291 (granting courts of appeals jurisdiction over "all final decisions of the district courts of the United States"). The Court declines to certify the issue because there would not be a "substantial ground for difference of opinion" on the Rule 15 issue in this case. The parties have cited to no case, and this Court has not found one, allowing administrative exhaustion of a claim when the facts presented to the agency were this far removed from the claims now alleged. *See supra* Sections II.A–B. And Yang concedes that no claim seeks to amend her complaint against the private party, CCASC. *See supra* Section I.

### IV.

Therefore, upon consideration of Plaintiff's [88] Motion for Leave to File, the briefing related to this motion, the pleadings, and the relevant law, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File is DENIED.

**SO ORDERED**.

Dated: February 7, 2025                                          TREVOR N. McFADDEN, U.S.D.J.